(No. 33009.—▮▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS *et al.,* Appellees, *vs.* BYRON MASSELL *et al.*—(RALPH JANSEN *et al.,* Appellants.)

*Opinion filed March 17, 1954—Rehearing denied May 19, 1954.*

WILLIAM H. MURPHY, of Chicago, (JOHN G. LOOMOS, of counsel,) for appellants.

LATHAM CASTLE, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA GROVES, of counsel,) for appellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The People of the State of Illinois filed this action in the circuit court of Cook County against certain operators of theater restaurants, seeking to recover back sums of money representing sales taxes previously paid by defendants under protest and thereafter illegally refunded to them. An answer was filed, to which plaintiffs responded by moving for judgment on the pleadings. The motion was granted, and defendants appeal to this court.

From the allegations of the complaint admitted in the answer it appears that in 1945 defendants paid the tax under protest and obtained an order of the circuit court temporarily enjoining State officials from paying or depositing the money into the State Treasury. In 1948 a final decree was entered in that case finding that the sales of food and beverage, upon which the tax in question was based, were merely incidental to the principal business of providing entertainment. The State officials were permanently enjoined from enforcing the tax, and were ordered to refund the sums paid under protest. The order was complied with and the money refunded. Upon subsequent appeal by State officials to this court—where the case was consolidated with *Roth, Inc.* v. *Daley,* a similar suit by operators of night clubs and in which a like decree had been entered—it was held that the sales were taxable and that each decree had been entered by consent of the State officials, had the effect of exempting the plaintiffs therein from liability for taxes, and was therefore invalid. (*Massell* v.

*Daley,* 404 Ill. 479.) No opinion was expressed, however, on the right of the State to restitution for the sums refunded pursuant to the invalid decrees.

Thereafter the State brought two separate actions, one against the taxpayers in the *Roth case* and the other against the present defendants (plaintiffs in the *Massell case*), seeking in each case to recover back the respective sums refunded. In *People* v. *Roth, Inc.,* 412 Ill. 446, where the People appealed from a judgment for the defendants, we held defendants were severally liable. Despite such decision, the defendants in the case at bar appeal from a similar judgment against them severally, contending that the decree appealed from in *Massell* v. *Daley,* 404 Ill. 479, was not a consent decree but a judicial determination of rights; and that since it had not been reversed at the time defendants received and cashed the warrants by which the refunds were made, they were "protected" by the decree and not liable to make restitution. It is also argued that the decree, being a judicial determination, had the effect of vesting title to the fund in defendants, that since the State officials then had no right to immediate possession defendants could not have converted the funds; and that the present action by the State must therefore fail.

Identical contentions were made and rejected in *People* v. *Roth, Inc.,* 412 Ill. 446, and it is unnecessary to consider them again here. With regard to the contention that the decree in *Massell* v. *Daley* was not void but merely erroneous, we said: "when we held that the decree was 'invalid,' we held in clear and unmistakable language that the decree was void. If this court had meant "erroneous," as contended by the defendants, we would have so stated. There could be no plainer language than to say that the decree was entered by consent and did not constitute a judicial determination of the rights of the parties. If the purported decree did not constitute a judicial determination, then, obviously, it was not merely erroneous but was

actually void." This language is equally applicable to the contention in the case at bar. Since the holding in *Massell* v. *Daley* applied to both decrees there involved, the same result must follow here. No purpose can be served by discussing questions we have already twice considered.

The judgment of the circuit court was correct and will be affirmed.

*Judgment affirmed.*